UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-CV-21348-Moore/Torres

ELIZA GRAHAM,

    Plaintiff,

v.

TUONG MI CORPORATION, A Florida Corporation,
d/b/a GREEN PAPAYA VIETNAMESE CUISINE,

    Defendant.
_____/

## MOTION FOR CONSOLIDATION UNDER RULE 42 F. R. C. P.

Pursuant to Rule 42 (a)(2), Defendant, TUONG MI CORPORATION, d/b/a GREEN PAPAYA VIETNAMESE CUISINE (hereinafter, "GREEN PAPAYA") moves to consolidate this case with Case No.: 13-CV-20323-JEM, NICHOLAS RYAN DE PALO V. LUDLUM RETAIL ASSOCIATES, LTD. as the cases involve common questions of law and fact.

    1.    Both cases are brought pursuant to 42 U.S.C. 12182 (The Americans with Disabilities Act or "ADA").

    2.    Both the GRAHAM Complaint and the DE PALO Complaint seek injunctive relief.

    3.    Plaintiffs, ELIZA GRAHAM and NICHOLAS RYAN DE PALO allege qualifying disabilities under the ADA. See Plaintiff's Complaints.

    4.    Plaintiffs in both cases allege that they are "testers" for "purpose of

discovering, encountering, and engaging discrimination against the disabled in" public accommodations or public places.

5. Both Plaintiffs allege that "When acting as a "tester", Plaintiff employs a routine practice."

6. Both Plaintiffs allege encountering barriers to accessibility for the disabled.

7. The "Subject Facility" in the Graham case is a Vietnamese restaurant which is a tenant in and part of a shopping strip which is the "Subject Facility" in the De Palo case.

8. In the Complaint filed in the De Palo matter, Plaintiff alleges that among the tenants he visited and encountered barriers to accessibility was "a Vietnamese restaurant". See De Palo Complaint paragraph 8.

9. GRAHAM alleges access problems in the "Restroom Vestibule" and "Men's Restroom" of the Vietnamese restaurant. See Graham Complaint at paragraph 16.

10. De PALO alleges access problems in the various tenant spaces including "the Vietnamese restaurant." See De Palo Complaint paragraph 27.

11. Allowing two law suits to proceed in two different courts could result in conflicting rulings and injunctions with respect to the Landlord Defendant and the Tenant Defendant with respect to the same facility.

12. Further, the Court should be aware that Plaintiff GRAHAM has filed suit against an additional tenant in the same shopping strip. See Case No. 1-CV-21505-

CASE NUMBER: 11-CV-62164-Dimitrouleas/Snow

KMW, ELIZA GRAHAM v. GAI T. Le, d/b/a ELITE NAILS.  In that suit, GRAHAM also alleges many of the same allegations with respect to disability, access, her status as a "tester" etc.  In addition GRAHAM states that "Plaintiff will avail herself of the services offered at the restaurant (sic) in the future . . . . "

WHEREFOR, Defendant, TUONG MI CORPORATION, d/b/a GREEN PAPAYA VIETNAMESE CUISINE, requests that this Court consolidate these two cases for hearing as permitted by F.R.C.P. 42(a) (2).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail, postage prepaid to: All Parties on the CM/ECF Service List, on this 3rd day of May 2013.

By:   /S/ ANDREW J. PALMER
ANDREW J. PALMER, FBN: 0016194
PALMER LAW GROUP, P.A.
Attorneys for Defendant
5353 North Federal Highway
Suite 402
Fort Lauderdale, Florida 33308
Telephone: (954) 491-1300
Facsimile: (954) 491-1997
E-mail: ajpalmer@palmerlawgroup.com